```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                   *
RICHARD ENGLISH
                                   *
     Plaintiff,                    *
v.                                 *    CIVIL NO.: WDQ-04-2652

STATE OF MARYLAND                  *
DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES          *
                                   *
     Defendant.                    *

                                   *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Richard English sued his former employer, the State of Maryland, Department of Public Safety and Correctional Services (the "State") for violation of the Americans with Disabilities Act.[1] Pending is the State's motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the State's motion to dismiss will be granted.

BACKGROUND

For several years, English worked as a State parole agent. *See* Complaint at ¶6. During this time, he was routinely assigned many more cases than were appropriate for a

---

[1] 42 U.S.C. §§12101 *et seq.* (2005).

1

senior agent of his caliber or rank. *See id.*  In August 2002, English was diagnosed with severe anxiety, depression and stress and was unable to perform his job without reasonable accommodation.  *See id;* Plain. Opp. at p. 10.  In 2003, the State denied English's request for an accommodation. *See id.*  He was thereafter discharged.  *See id.*

On April 11, 2003, English filed a Charge of Discrimination with the Maryland Commission on Human Relations and the United States Equal Employment Opportunity Commission (the "EEOC").  On May 14, 2004, English received a right to sue letter.  On August 13, 2004, English filed this suit.

ANALYSIS

A. Motion to Dismiss

1. Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories*,

2

*Inc. v. Raj Matkari*, et. al., 7 F.3d 1130, 1134 (4th Cir. 1993). If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff. *Id*.

2. Untimeliness of Complaint

A plaintiff bringing a suit under the ADA must file a complaint within 90 days of receiving a right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). A complaint not received within this period is dismissed, unless reasonable grounds exist for equitable tolling. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).

English received his right to sue letter on May 14, 2004. *See* Complaint at ¶8. He did not file his complaint until August 13, 2004, 91 days after receiving his right to sue letter. His Complaint is untimely. *See Watts-Means v. Prince*

*George's Family Crisis Center*, 7 F.3d 40 (4th Cir. 1003)(*citing Harvey,* 813 F.2d at 654 (suit filed 91 days after receipt of right to sue letter was untimely)).

English asserts that his Complaint is timely because his attorney did not receive the right to sue letter until May 15, 2004.  Timeliness is determined by the date the Plaintiff--not his attorney--received the letter.

Equitable tolling is inapplicable, because English has not offered any explanation for why his Complaint is untimely.  Accordingly, the State's motion to dismiss will be granted[2].

## CONCLUSION

For the reasons discussed above, the Defendant's motion to dismiss will be granted and the Plaintiff's motion to strike will be denied as moot.

July 25, 2005                          /s/
Date                           William D. Quarles, Jr.
                               United States District Judge

---

[2] The Plaintiff's motion to strike the Defendant's exhibits will be denied as moot.